IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELVIN R. HASSELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-2625-K-BN |
| | § | |
| BURLINGTON CAPITAL, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This action filed by a *pro se* plaintiff has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice for lack of subject matter jurisdiction.

**Applicable Background**

Plaintiff Melvin R. Hassell has filed this action against Burlington Capital, an entity that appears to own the senior living center at which Mr. Hassell is a resident. *See* Dkt. No. 2 at 6-7. It is not entirely clear, but this lawsuit may have been filed based on a September 17, 2018 altercation between Mr. Hassell and staff at the senior living center. *See id.* Regardless, nowhere in the complaint does Mr. Hassell explain how the Court has subject matter jurisdiction over his dispute with Burlington Capital. *See generally id.*

Recognizing that subject matter jurisdiction was likely lacking, the Court issued a show cause order on October 3, 2018 [Dkt. No. 5] requiring that Mr. Hassell file no later than November 2, 2018 a written response to show the Court that there is subject matter jurisdiction. Mr. Hassell filed a timely response. *See* Dkt. No. 6.

## Legal Standards and Analysis

Under its limited jurisdiction, a federal court generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Mr. Hassell chose to file his lawsuit in federal court, it is his burden to establish federal jurisdiction. And if he does not, this lawsuit should be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366

(5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

Mr. Hassell's complaint does not "affirmatively and distantly" allege jurisdiction, as it reflects neither that there is complete diversity between the parties, nor that the requisite amount in controversy exists, nor that federal law creates his cause of action against Burlington Capital. *See generally* Dkt. No 2; *compare id.* at 5 (referencing the Constitution and Bill of Rights), *with, e.g., Borders v. La. Citizens Prop. Ins. Co.,* Civ. A. No. 07-5399, 2017 WL 3334323, at *2 (E.D. La. Nov. 8, 2007) (observing that a reference "made by plaintiff to federal law does not, by itself, provide this Court with subject matter jurisdiction." (citing *Till v. Unifirst Fed. Sav. & Loan Ass'n*, 653 F.2d 152, 161-62 (5th Cir. Unit A Aug. 1981); citations omitted)).

And his response to the show cause order fails to provide further information to show that there is a basis for federal subject matter jurisdiction. *See* Dkt. No. 6 (stating that the "FTC[ – presumably, the Federal Trade Commission – ]has some guidance about what is bait and switch advertising and what it isn't Basically, 'Bait And Switch' Deals with disingenuous advertisement," and then alleging that the manager of the property where he is a resident "has labeled Me an Un-Attended Resident who has to be attended at all times, thus making me her slave. Hence the reason for this Pro Se

Law suit.").

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 5, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE